UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRIS SASAKI,<br><br>                    Plaintiff,<br><br>          v.<br><br>CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON,<br><br>                    Defendants. | CASE NO. 2:25-cv-00905-RSL<br><br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on "Defendants' Motion for Judgment on the Pleadings." Dkt. 9. Plaintiff, a board-certified chiropractic sports physician and founder of Vida Integrated Health, seeks coverage under the Total Disability section of a policy of insurance issued by defendants. Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

Plaintiff alleges that, on September 6, 2023, he suffered an injury to his left wrist, for which he has undergone three surgeries. Despite aggressive interventions, his wrist remains functionally restricted, and he has been unable to engage in any chiropractic patient care since his injury. He has, however, been able to continue his management and administrative roles at Vida.

Plaintiff's policy with defendant provides a "Total Disability for Accident and Sickness Benefit." Defendants promised to pay the benefit if plaintiff became totally

disabled, a defined term meaning "the Insured is totally unable to perform the substantial and material duties of his/her regular occupation as shown on the Schedule . . . ." Dkt. 1-1 at 15. The "Schedule" identifies plaintiff's occupation as "Chiropractor / Clinic Owner 5 locations" and his duties as "Self Employed / Patient Care / Clinic Management." Dkt. 1-1 at 7. The policy also provides a "Residual Disability for Injury and Sickness Benefit" which provides a lesser benefit when the insured "is unable to perform one or more of the substantial and material duties of his/her occupation as a result of a covered Injury and/or a Sickness." Dkt. 1-1 at 16.

It is undisputed that plaintiff remains fully capable of performing his clinic management duties. Relying on *Simmons v. Paul Revere Life Ins. Co.*, No. 2:15-cv-00807-BJR, 2018 WL 558960 (W.D. Wash. Jan. 25, 2018), defendants therefore denied plaintiff's claim under the Total Disability provision of the contract. The Court finds that, having defined his occupation as "Chiropractor / Clinic Owner 5 locations" and admitted that his disability applies only to chiropractic patient care, plaintiff has not plausibly alleged that he is "totally unable to perform the substantial and material duties of his/her regular occupation *as shown on the Schedule.*" Dkt. 1-1 at 15 (emphasis added). The analysis of similar language and policy provisions in *Simmons* is persuasive.[1] Because the definition of total disability must be read in conjunction with the Residual Disability provision, plaintiff must allege facts giving rise to a plausible inference that he is unable to perform

---

[1] Plaintiff's reliance on *Leonor v Provident Life and Acc. Co.*, 18 F. Supp.3d 863 (E.D. Mich. 2014), is misplaced. First, *Leonor* involved identical policy language as that discussed in *Simmons*, and Judge Rothstein respectfully disagreed with the Michigan court's conclusion that there was an ambiguity. Second, Leonor sought insurance to protect his ability to perform the occupation of "dentist." *Id.* at 867. There was no dispute that Leonor was unable to perform that occupation, and the court found that his ability to make money in other ways (such as by purchasing and managing dental practices, supply companies, and commercial/residential real estate) did not preclude a finding that plaintiff was unable to perform the important duties of his occupation. Similarly, the plaintiff in *Giampa v. Trustmark Ins. Co.*, 73 F. Supp.2d 22, 24 (D. Mass. 1999), sought disability insurance for his occupation as a "chiropractor" with the duties of "practicing chiropractor."

ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

the substantial and material duties of the "occupation" set forth in the Schedule, namely "Chiropractor / Clinic Owner 5 locations." He has not done so. To the contrary, he has alleged only that he is unable to perform one part of the occupation listed while retaining the ability to perform the other, making the Residual Disability coverage applicable. 2018 WL 558960, at *5.

Plaintiff acknowledges that his claims for tortious bad faith claims handling and violations of the Washington Insurance Fair Conduct Act and the Consumer Protection Act all relate to and arise from defendants' denial of benefits in breach of contract. Dkt. 11 at 21. Because there was no breach, the tort claims fail as a matter of law.

For all of the foregoing reasons, the defendants' motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 3rd day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS - 3